# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SARAH JOY YODER,
an individual, and
FAIR HOUSING CENTER OF
WASHTENAW COUNTY, INC.,
a Michigan non-profit corporation,
d/b/a The Fair Housing Center of
Southeast & Mid Michigan, Inc.,

Civil Action No.:

HON.

                Plaintiffs,

VS.

HAVEN HOMESTEADS, LLC
a domestic limited liability company, and
RYAN MCDONELL and SANDY MCDONELL
individually,

                Defendants.

---

Robert M. Howard (P80740)
Bradley K. Glazier (P35523)
BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff
990 Monroe Avenue, N.W.
Grand Rapids, MI 49503
(616) 458-6814

---

## COMPLAINT

Plaintiffs, Sarah Joy Yoder ("Yoder") and Fair Housing Center of Washtenaw County, Inc., d/b/a The Fair Housing Center of Southeast and MidMichigan, Inc ("FHC"), by its counsel, Bos & Glazier, P.L.C., states as follows as its Complaint against defendants Haven Homestead, LLC, Ryan McDonell ("McDonell"), and Sandy McDonell:

00144606.WPD

## JURISDICTIONAL ALLEGATIONS

1.      This action is brought to enforce the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, ("Fair Housing Act"), 42 U.S.C. §§ 3601 *et seq* and the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 42 U.S.C. § 3613(a). Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over plaintiff's Michigan law claims.

3.      Venue is proper under 28 U.S.C. § 1391(b). The claims asserted herein arose in the Western District of Michigan and concern or otherwise relate to real property located in the Western District of Michigan.

4.      Defendant Haven Homestead, LLC is a domestic limited liability company located at 5747 Harper Rd, Holt, Michigan.

5.      Defendants Ryan McDonell and Sandy McDonell reside in the Western District of Michigan. At all times relevant to this actions, Ryan McDonell and Sandy McDonell were the property owners of the property related to this action. Ryan McDonell was the property manager of Haven Homestead, LLC.

6.      The events giving rise to this cause of action occurred in the Western District of Michigan.

## GENERAL ALLEGATIONS

7.      Plaintiff Fair Housing Center of Washtenaw County, Inc. (The "Fair Housing Center of Southeast & Mid Michigan, Inc" or "FHC") — a private, non-profit fair housing organization serving Mid and Southeastern Michigan and incorporated in Michigan —

brings this action against defendants for discrimination on the basis of sex and national origin in the provision of rental housing, in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq.

8.    FHC is a membership organization whose mission is to end discrimination in housing and public accommodations and to promote accessible, integrated communities. It serves Mid and Southeastern Michigan, including, but not limited to, Clinton, Eaton, Ingham, Jackson, Lenawee, Livingston, Monroe, and Washtenaw counties. FHC undertakes various activities to further its mission, including assisting in the investigation of unlawful housing discrimination, educating the public and housing advocates about fair housing rights and requirements, and providing education and outreach for housing consumers and housing advocates. FHC's programs are designed to protect the rights of persons to fair housing opportunities without discrimination on the basis of sex and other protected characteristics.

9.    Plaintiff Sarah Yoder is a citizen of the United States and the State of Michigan, and she resides in Ingham County. Yoder is a thirty nine year old Native American woman. She is a member of The Little Traverse Bay Band Of Odawa Indians.

10.    Defendant Haven Homestead, LLC is a domestic limited liability company organized in Michigan. Its registered agent address for service of process with the Michigan Department of Licensing and Regulatory Affairs is 5747 Harper Rd, Holt, Michigan. The registered agent is Sandy McDonell.

11.    Haven Homestead, LLC operates, and/or manages a property located at 400 E. Rouse Rd, Lansing, Michigan.

12.    Defendant Ryan McDonell owns, operates, and/or manages a property

located at 400 E. Rouse Rd, Lansing, Michigan with his wife, Sandy McDonell. Ryan McDonell and Sandy McDonell have responsibilities related to the creation, maintenance, and enforcement of the discriminatory policy and practices at issue.

13.    At all relevant times, the house at 400 E. Rouse Rd was owned by Ryan and Sandy McDonell. Records indicate the property taxes on this property are paid by Haven Homestead, LLC.

14.    Upon information and belief, Ryan McDonell listed the house located at 400 E. Rouse Rd for rent on Craigslist.

15.    The rent for the house was advertised as $700 per month.

16.    On August 4, 2018, Sarah Yoder, a 39 year old single female, contacted Ryan McDonell about the property. Yoder was interested in renting the property. Yoder asked if the price of $700 was negotiable.

17.    Ryan McDonell admitted that the rent was high for a one bedroom house. (Exhibit 1).

18.    Yoder visited the property on August 5, 2018. Yoder knocked on the door but no one answered. There was a truck parked in the driveway that had trash in it. Yoder walked around the house and yard for a few minutes before Ryan McDonell came outside to greet her. Ryan McDonell was sweaty and breathing heavy. Yoder toured the property.

19.    Ryan McDonell questioned Yoder about her national origin. Ryan McDonell asked Yoder what tribe she was a member of.

20.    Yoder later sent a text message to McDonell asking if he would accept $650 a month for rent. (Exhibit 2).

21.    McDonell responded: "I bet your (sic) more fun to negotiate with in person."

(Id.).

22.     McDonell and Yoder corresponded by text regarding the details of the house. McDonell asked Yoder if she "really want[ed] this house?" (Exhibit 2). McDonell then asked to "check out your photos" on Facebook. (Id.). McDonell and Yoder discussed her photos on Facebook.

23.     On August 8, 2018, McDonell sent Yoder a text message asking is she was still interested in the house. Yoder said she was. (Exhibit 3).

24.     McDonell then told her "I really liked that dress u had on the other day, any chance you would give me a striptease starting with a dress like that? I'd assume we could make a deal after that."(Id.).

25.     Yoder told McDonell that she was not a prostitute or a stripper.

26.     McDonell said he was "not trying to have sex with" her. (Id.)

27.     McDonell then sent a message to Yoder that said "U don't have to get naked. Just something cute maybe and let me watch u" (Id.).

28.     Yoder did not respond to McDonell's message.

29.     Also on August 8, 2018, Yoder sent a message to another person listing a similar property on Craisglist. That person's name was Jason. (Exhibit 4). The property was listed at $600. (Id).

30.     Yoder made arrangements to go see the property. She discovered that the address was the same as the property she had looked at with McDonell. (Exhibit 5).

31.     Yoder was confused that McDonell may not have been the actual owner of the property at 400 E. Rouse, since it was now listed by "Jason."  (Id.).

32.     Yoder had a friend accompany her to the meeting at the house at 6:30 p.m.

33.    Yoder and her friend arrived first. When Yoder saw Ryan McDonell arrive in his vehicle, Yoder told her friend they needed to leave.

34.    Ryan McDonell exited his car and berated Yoder. McDonell told Yoder that he had masturbated while watching her through the windows of the house before their first meeting. McDonell told Yoder that was why he was covered in sweat when he met with her.

35.    When Yoder continued to flee, Ryan McDonell screamed, "You God damn Indian bitch!"

36.    At about 7:00 p.m, Ryan McDonell sent a message to Yoder from his phone – not the phone belonging to Jason. (Exhibit 3). "U mad cause I didn't tell you my real name? Look at all the names u use and your fake account. Or u mad that I asked u to wear something cute so I could check u out? Cause u pranced around in that tiny dress for 15 minutes in backyard, without knocking, till I noticed you out the window. That will be fine again, go ahead. Weirdo!" (Id.)

37.    Yoder had to seek alternative housing due to the actions of Ryan McDonell.

38.    On August 9, 2018, Yoder filed a complaint with the FHC regarding the actions of McDonell.

39.    FHC investigated and determined that Ryan McDonell violated the Fair Housing Act when he required Yoder to perform a striptease in exchange for lower rent.

## INJURY TO FHC

40.    Plaintiff FHC has suffered injury in the form of diversion of its resources and frustration of its mission. By requiring Yoder to perform a striptease in exchange for lower rent, defendants have frustrated FHC's mission to end discrimination in housing and public

accommodations and to promote accessible, integrated communities in Mid- and Southeastern Michigan.

41.     FHC has made substantial efforts and expended considerable resources to ensure such equal housing opportunities in Mid- and Southeastern Michigan without regard to sex, and defendants' discriminatory practices have impeded its efforts.

42.     As a result of defendants' unlawful actions, FHC has been required to divert scarce time, money, and resources from its typical activities, which include providing a range of educational, advisory, and referral services in Mid and Southeastern Michigan. Instead of engaging in these activities, FHC has had to identify and counteract defendants' discriminatory practices by, among other activities: investigating defendants' discrimination, conducting research regarding defendants and related properties, and placing ads in local publications to educate the community about housing discrimination.

43.     Defendants' conduct described above was willful, intentional, and knowing, and/or was implemented with callous and reckless disregard for plaintiff's rights under the law.

44.     Defendants Haven Homestead, LLC and Sandy McDonell are liable for the discriminatory conduct of their agent and manager, defendant Ryan McDonell, described above. In addition, defendants Haven Homestead and Sandy McDonell knew or should have known of the discriminatory conduct of defendant Ryan McDonell, yet failed to take reasonable preventive or corrective measures.

## COUNT I
## FEDERAL FAIR HOUSING ACT

45.     Plaintiffs incorporate by reference paragraphs 1 through 44 as fully set forth herein.

00144606.WPD                                          7

46.     The Fair Housing Act ("FHA") prohibits discrimination in the sale or rental of housing. 42 U.S.C § 3604.

47.     Pursuant to the FHA, it is unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, disability, familial status, or national origin. 42 U.S.C § 3604(b).

48.     A person is defined by the FHA "one or more individuals, corporations, partnerships, associations, labor organizations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, receivers, and fiduciaries." 42 U.S.C. § 3602(d)

49.     Plaintiff Sarah Yoder, as a Native American woman, is within the class of protected individuals under the Fair Housing Act.

50.     Plaintiff FHC, as a non-profit corporation or association, has standing for defendants' violations of the FHA. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 102 S. Ct. 1114 (1982).

51.     Defendant Ryan McDonell subjected Yoder, a female Native American prospective tenant of the subject property, to discrimination on the basis of sex and national origin, including unwelcome sexual harassment. Such conduct included unwanted verbal sexual advances, offering reduced rent for sexual favors, and denying tangible housing benefits based on sex and national origin.

52.     Defendant Ryan McDonell took adverse action against Yoder when she refused or objected to his sexual advances.

8

53.     Defendants Haven Homestead, LLC and Sandy McDonell are liable for the discriminatory conduct of their agent and manager, defendant Ryan McDonell, described above. In addition, defendants Haven Homestead, LLC and Sandy McDonell knew or should have known of the discriminatory conduct of defendant Ryan McDonell, yet failed to take reasonable preventive or corrective measures.

54.     Defendants injured plaintiffs Yoder and FHC in violation of the FHA by committing the following discriminatory practices:

a.     A denial of housing or making housing unavailable because of sex and national origin, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

b.     Discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex and national origin, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b); and

c.     Coercion, intimidation, threats, or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

WHEREFORE, plaintiffs respectfully requests this court to enter a judgment in their favor and against defendants as follows:

a.     The Court should issue an order granting plaintiffs' request for declaratory relief, finding that the defendants' actions violate the FHA.

b.     The Court should enter a judgment for compensatory damages to plaintiffs in an amount to be proved at trial before a jury that would fully compensate plaintiffs for the injuries alleged herein resulting from defendants' unlawful discrimination.

c.     The Court should enter a judgment for punitive damages to plaintiffs, in an amount to be proved at trial before a jury, that would punish defendants for the willful, wanton, and reckless conduct alleged herein and that would effectively deter defendants from engaging in similar conduct in the future.

d.     The Court should award plaintiffs their reasonable attorneys' fees and costs.

e.      The Court should grant such other relief as it deems just and equitable.

## COUNT II
## VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT
### (Sexual Harassment, National Origin Discrimination - Real Estate Transaction)

55.     Plaintiffs incorporate by reference paragraphs 1 through 54 as though the same were fully set forth herein.

56.     Plaintiff Yoder, as a Native American woman, is within the class of protected individuals under the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

57.     Plaintiff FHC, as a corporation or association is within the class of protected persons under the Elliott-Larsen Civil Rights Act, MCL 37.2101, *et seq.*

58.     At all material times, plaintiff Yoder was a prospective tenant, and defendants were a prospective landlord and real estate broker or salesman as defined under the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

59.     During her attempts to rent the property at issue, defendant Ryan McDonell subjected Yoder, to discrimination on the basis of sex and national origin, including unwelcome sexual harassment. Such conduct included unwanted verbal sexual advances, offering reduced rent for sexual favors, and denying tangible housing benefits based on sex and national origin.

60.     During her attempts to rent the property at issue, defendants discriminated against Yoder in the terms, conditions, or privileges of a real estate transaction

61.     The sexual conduct, or communications had the purpose or effect of substantially interfering with plaintiff's housing opportunities.

62.     Defendants Haven Homestead, LLC and Sandy McDonell are liable for the discriminatory conduct of their agent and manager, defendant Ryan McDonell, described

above. In addition, defendants Haven Homestead, LLC and Sandy McDonell knew or should have known of the discriminatory conduct of defendant Ryan McDonell, yet failed to take reasonable preventive or corrective measures.

63.     Defendants had duties under the ELCRA, including the duty not to discriminate against or harass Yoder on the basis of sex or national origin.

64.     Defendants violated those duties in the ways described above and discriminated against plaintiff Yoder based on her sex and national origin, causing her loss and damage.

65.     Plaintiff Yoder has suffered and continues to suffer damages, including but not limited to:

    a.    Lost housing opportunity;

    b.    Out-of-Pocket Losses;

    c.    Humiliation, embarrassment, fright, shock, and other mental anguish and emotional distress; and

    d.    The costs of litigation, including reasonable attorney's fees and witness fees in accordance with MCL 37.2802.

65.     Plaintiff FHC has suffered and continues to suffer damages, including but not limited to:

    a.    Frustration of purpose; and

    b.    Diversion of resources

WHEREFORE, plaintiffs respectfully requests this court to enter a judgment in their favor and against defendants for their violations of the ELCRA as follows:

A.     Legal Relief

    (1)    Compensatory damages in whatever amount Yoder and FHC are found to be entitled;

00144606.WPD

11

(2) Emotional distress damage, including damages for humiliation, embarrassment, outrage and mental anguish; and

(3) An award of interest, costs, and reasonable attorney fees and expert witness fees.

B. Equitable Relief

(1) An injunction prohibiting any further acts of wrongdoing, discrimination or retaliation; and

(2) Whatever other equitable relief appears appropriate at the time of final judgment.

BOS & GLAZIER, P.L.C.
Attorneys for Plaintiff

Date: September 9, 2019      By: _____
Robert M. Howard (P80740)
Bradley K. Glazier (P35523)

BUSINESS ADDRESS:
990 Monroe Avenue, N.W.
Grand Rapids, Michigan 49503
(616) 458-6814

00144606.WPD